## Harris' Admr., et al. v. Harris.

(Decided March 16, 1920.)

### Appeal from Logan Circuit Court.

Contracts—Breach—Damages.—A tract of land was owned by a father as life tenant and his son as remainderman. During the infancy of his son, the father sold the land under a contract whereby the son, upon reaching his majority, was to convey his interest to the purchaser, the father agreeing that if his son would sign the deed he would reinvest the proceeds in lands in a neighboring county, which he failed to do. There was a general increase in the value of land in that county. Upon the death of the father, ten years later, the son asserted a claim against his estate for damages, and was allowed interest on the proceeds of the sale of the land during the father's lifetime in lieu of other damages: Held, that as no particular tract of land in which the proceeds were to be invested was designated, the father might have selected a tract of land that would have actually decreased in value, and for this reason the son's claim of damages is too speculative and remote to authorize the judgment allowing him interest on the proceeds of the sale of the land during the lifetime of his father.

I. G. MASON for appellants.

O. P. ROPER and GUY H. HERDMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

T. J. Harris was the husband of Gertrude Hall Harris, who died in the year 1892, the owner of 32 acres of land

in Simpson county. She was survived by her husband and T. B. Harris, their only child. Under the law then in force, T. J. Harris, upon the death of his wife, became the owner of a life estate in the land, while the remainder passed to T. B. Harris. In the year 1902 T. J. Harris sold the land to L. G. Berry for $1,280.00 cash, with the agreement that T. B. Harris, who was then an infant, would convey the remainder to the grantee when he became twenty-one years of age. T. B. Harris became twenty-one on July 4, 1908, and on July 21, 1908, executed to Berry a deed conveying his interest in the land. T. J. Harris died on January 1, 1918, and soon thereafter his administrator brought suit to settle the estate. T. B. Harris presented a claim for $1,280.00, which was allowed after being credited with the sum of $160.00. Thereafter he amended his claim and asked for interest, which was allowed by the chancellor from the time T. B. Harris reached his majority. The administrator appeals.

T. B. Harris pleaded, and his evidence tends to show, that his father agreed that if he would convey the land to Berry, his father would invest the consideration in Logan county land, and that his father failed to keep this agreement. There was further evidence that Logan county land had greatly increased in value. It is conceded that under ordinary circumstances the father, who was a life tenant, was entitled to the income from the proceeds of the sale, but insisted that as the father failed to comply with his agreement to invest the proceeds of the sale in Logan county land, which would have resulted in increasing the corpus of the estate, and there is no other way by which T. B. Harris may be compensated for the breach of the contract, the court did not err in allowing him interest.

It is not pleaded, nor does the evidence show, that the decedent agreed to invest the proceeds of the sale of the Simpson county land in any particular tract of Logan county land. If such had been the agreement, the value of the particular tract when the agreement was made, and its value when the decedent died, might have been shown, and from this evidence we might be able to say that T. B. Harris had been damaged by the breach of the agreement. However, as the case is presented, we would have to assume that the decedent might have displayed good judgment in the purchase of the Logan

county land, and that the particular tract which he might have selected would have increased in value, although it is shown that he was not a good farmer, and for this reason might have selected a tract of land that would have actually decreased in value. In view of these considerations it cannot be said with reasonable certainty that the son was actually damaged by the decedent's breach of the alleged agreement, and we therefore conclude that his claim of damages is too speculative and remote to authorize the judgment allowing him interest on the proceeds of the sale of the Simpson county land during the lifetime of his father.

The motion to tax certain costs against the appellants is overruled.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.